Whitaker, Judge,
delivered the opinion of the court:
Plaintiff, a motor carrier, billed and received payment from defendant for the transportation by it of four shipments of freight for the Army. The charges were based upon tariff rates applicable where the exclusive use of the *367 carrier’s vehicle is requested by the shipper and is provided by the carrier. Thereafter, upon post-audit, the General Accounting Office determined that there had been an overpayment for the transportation of the four shipments, and deductions equalling the amount of the claimed overpayment were made from amounts due plaintiff for the transportation of other Government freight. By this suit plaintiff seeks to recover the amount of these deductions.
In 1956, the Army made four shipments of practice bombs and fin assemblies from Herlong, California, to Blytheville, Arkansas, via motor carrier. The shipments were all routed via plaintiff, as delivering carrier, and were delivered by plaintiff at Blytheville.
Three of the four bills of lading for the shipments bore the following notations and accompanying certificate:
Shipped in compliance with Alt 980-55 Para 12 C(l)4
Do not break seal except in case of emergency.
Notify Consignee Of Circumstances When Seal Is Broken, With Advice Of New Seal Number Applied, By Showing Such Information On Waybill Or Other Form Or Memorandum Accompanying Vehicle To Destination.

Exclusive Use of Vehicle Requested By The Government.

I Certify That Exclusive Vehicle Service Was Furnished From_To -
(Agent of Destination Carrier) (Date)
[Italics Supplied.]
On the bill of lading for the fourth shipment the notation “Exclusive Use of Vehicle Requested By The Government” was omitted, otherwise it was identical with those for the first three shipments.
For purposes of these motions, it is conceded by plaintiff that the vehicles transporting the first three shipments were loaded to capacity. The fourth was not.
Defendant admits it had the exclusive use of all four of plaintiff’s vehicles.
It is plaintiff’s position that, since defendant requested and received the exclusive use of its vehicles for the four shipments, the higher rates for the exclusive use applied.
*368 Defendant, on the other hand, contends that, as to the first three shipments, since the vehicles were loaded to capacity, it received no benefit from the exclusive use rate; hence, the lower truck-load rates applied. As to the fourth shipment, defendant says that since the bill of lading did not contain the notation, “Exclusive Use Of Vehicle Requested,” as required by the applicable tariff rule, the exclusive use rates did not apply.
Even if the vehicles containing the first three shipments were loaded to capacity, nevertheless, defendant had requested their exclusive use and, having done so, the tariff for exclusive use applies. Defendant did not request that the trucks be loaded to capacity; it requested their exclusive use, whether they were loaded to capacity or were not. It had a lot of goods to ship, enough to fill three trucks and part of another one. The vacant space in the fourth truck could have been filled with other goods, or, some of the goods in the other three fully loaded trucks could have been transferred to the fourth and a little vacant space left in each truck, and this vacant space could have been used for the shipment of some one else’s goods. Defendant did not want this; it wanted exclusive use of all of them. This is the benefit defendant intended to obtain by requesting exclusive use.
Even if it be conceded that defendant received no benefit it would not have otherwise received, had it not requested the exclusive use of the vehicles which were loaded to capacity, the relevant tariff provides that the rates for exclusive use apply, “when a shipper or his lawful agent requests the exclusive use of a vehicle,” and the tariff makes no exception in the case of a vehicle loaded to capacity. Defendant requested the exclusive use of plaintiff’s vehicles for these shipments and we think that the rates for the exclusive use of them applied.
In support of its contention that the exclusive use rates did not apply because the vehicles were fully loaded, defendant cites the decision of the Interstate Commerce Commission in Curtis Lighting, Inc. v. Mid-States Freight Lines, Inc., 303 I.C.C. 576. Although in that case the Commission said that the exclusive use rates were inapplicable since the ship *369 ment filled tbe carrier’s vehicle to capacity, we think the Commission was actually saying that, because the shipper derived no benefit which it would not have had anyway, from the exclusive use of the vehicle when it was loaded to capacity, it would be unreasonable to apply the exclusive use rates.
It cannot be truthfully said that the exclusive use rate is inapplicable. It is applicable, where such use is requested. Perhaps the shipper did not know its goods would completely fill the truck. Eather than take a chance that they would, the shipper requested exclusive use, whether they did or not. This is what it asked for and this is what it received and should pay for, although, as it turned out, it would have gotten the same thing as to three truck loads had it been willing to take the chance. In such case it cannot be said the exclusive rate is inapplicable. It is applicable, because the shipper requested this use. The tariff makes no exception of the case where it turns out that the shipment fills the truck.
This court neither has the authority to determine the reasonableness of a motor carrier’s past charges when the shipper challenges them as being unreasonable, nor the authority to refer the issue of reasonableness of such charges to the Commission. T.I.M.E., Inc. v. United States, 359 U.S. 464. Thus defendant is not entitled to the deductions in issue on the ground that the exclusive use rates were unreasonable, or that, because they were unreasonable, they thereby became inapplicable.
We think the exclusive use rates were applicable even though the shipments loaded the vehicles to capacity and, since defendant was properly charged for these shipments, plaintiff is entitled to recover the deductions defendant made from amounts due plaintiff for other shipments of Government freight.
The fourth shipment was identical with the other three except that the vehicle on which it was carried was not loaded to capacity and the notation “Exclusive Use Of Vehicle Eequested” did not appear on the bill of lading.
Defendant, in making the deduction for the claimed overpayment for this shipment, did not assert that it had not requested or that it had not received the exclusive use of *370 plaintiff’s vehicle. It claimed only that the exclusive use rates did not apply because the notation required by the applicable tariff rule did not appear on the bill of lading.
The applicable tariff rule provides in pertinent part:
Subject to Notes 1, 2, 3, 4 and 5 * * *, when a shipper or his lawful agent requests the exclusive use of a vehicle, charges will be assessed on the actual weight or authorized minimum weight, whichever is higher, at the rate applicable * * *.
Note 2 of the rule provides:
Note 2: — Shipper shall endorse on bill of lading: “Exclusive use of vehicle requested”
We agree with defendant that the tariff rates for the exclusive use apply only where the provisions of the above tariff rule have been complied with. See Gus Blass Co. v. Powell Bros. Truck Line, 53 M.C.C. 603. However, we think that as to the fourth shipment 'here, there was substantial compliance with this rule.
The bill of lading for the fourth shipment contained this certificate:
I Certify That Exclusive Vehicle Service Was Furnished From - To -
(Agent of Destination Carrier) (Date)
This was stamped on the bill of lading by the United States as shipper. When plaintiff received the bill of lading stamped with the above certificate, it could not have construed it otherwise than as a request by the Government for the exclusive use of its vehicle. How could plaintiff have believed otherwise? Defendant requested plaintiff’s agent to certify that such service had been performed. This was tantamount to a request that it be furnished.
It is true that the tariff rule expressly provides what language is to be endorsed on the bill of lading in order to request the exclusive use of a carrier’s vehicle, but we do not think it was intended thereby that all other language adequate to make the same request was to be excluded. It was not intended that form rather than substance would govern the transaction. If there appears on the bill of lading some written notation, which reasonably apprises the carrier that *371 the shipper is requesting the exclusive use of its vehicle, we think this is sufficient compliance with the requirement for making the exclusive use rates applicable.
Plaintiff is entitled to recover the amount of the deductions defendant made from money due it for the carriage of defendant’s freight, and its motion for summary judgment is, therefore, granted. The amount of recovery will be determined pursuant to Buie 38(c). Defendant’s motion is denied.
It is so ordered.
Durfee, Judge; Laramore, Judge; and Jones, Chief Judge, concur.
In accordance with the opinion of the court and on a memorandum report of the commissioner as to the amount due thereunder, it was ordered on November 2, 1962, that judgment for plaintiff be entered for $3,629.60.